IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| MIKE RIES<br>921 Wales Rd. NE<br>Massillon, OH 44646<br><br>KELLY RIES<br>921 Wales Rd. NE<br>Massillon, OH 44646<br><br>           Plaintiffs,<br><br>v.<br><br>ALEX ROBERTSON, SR., ESQ.<br>c/o Michael J. Frantz, Statutory Agent<br>200 Public Square, Suite 3000<br>Cleveland, OH 44144<br><br>ALEX ROBERTSON, JR., ESQ.<br>2210 S Union Ave.<br>Alliance, OH 44601<br><br>ALEX J. ROBERTSON AND<br>ASSOCIATES, LLC<br>AKA Robertson Law Firm<br>c/o Alex J. Robertson, Statutory Agent<br>2210 S Union Ave.<br>Alliance, OH 44601<br><br>           Defendants. | CASE NO.:<br><br>JUDGE:<br><br>**COMPLAINT FOR DECLARATORY RELIEF, INJUNCTIVE RELIEF, AND MONEY DAMAGES (UNFAIR DEBT COLLECTION)** |

Plaintiffs Mike and Kelly Ries (the "Mike and Kelly" or "Plaintiffs"), by and through counsel, hereby submits their Complaint to this Court against Defendants Alex J. Robertson, Esq. ("Alex Sr."), Alex Robertson, Esq. ("Alex Jr."), and Alex. J. Robertson and Associates, LLC ("Law Firm"), collectively referred to as "Defendants," averring and alleging as follows:

1

## JURISDICTION AND VENUE

1. At all times relevant, Mike and Kelly resided in Massillon, Ohio.

2. At all times relevant, Defendant Law Firm was and is a limited liability company, registered under the laws of the State of Ohio with principal place of business in Alliance, Ohio.

3. Defendant Alex Sr. is an attorney licensed to practice law in the State of Ohio and is believed to reside in or around Alliance, Ohio.

4. Defendant Alex Jr. is an attorney licensed to practice law in the State of Ohio and is believed to reside in or around Alliance, Ohio.

5. All violations and conduct of Defendants complained of herein occurred in either Alliance, Ohio, Massillon, Ohio, and/or Canton, Ohio.

6. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. section 1331.

7. This case presents a question under Federal Law, specifically the Fair Debt Collection Practices Act, and therefore Federal Subject Matter Jurisdiction is appropriate.

8. Because the parties are all located within the Northern District of Ohio, this Court has personal jurisdiction over them, and venue is also proper.

## FACTS COMMON TO ALL COUNTS

9. Defendants are lawyers at a law firm, and the law firm itself, who regularly engaged in debt collection activities on behalf of their clients against consumers for consumer debts.

10. Defendants regularly engaged in the business of consumer debt collection, including collecting and filing lawsuits concerning unpaid medical bills that are owed to their client Ohio Hospital-Based Physician Corporation, Ohio Hospital Based Physician Corp/Anesthesia, Ohio Hospital Based Physicians Company/Anesthesia, Ohio Hospital Based Physicians Corporation Anesthesiologist(s), and others.

11. Defendants regularly engage in medical bill debt collection activities for their clients, who they have regularly, routinely, and habitually represented through many cases for many years.

12. The debts that Defendants collect are consumer debts—they are personal or family debts owed to medical service providers and others for medical treatment.

13. Defendants advertise on their website that one of the main areas of law that they practice in is debt collection and representation of creditors.

14. Alex Jr. stated that they have represented various medical associations for collection of medical bills for many years.

15. Alex Sr. routinely and regularly files collection actions and complaints seeking collection of medical bills from consumers in the various courts around Alliance, Ohio and Canton, Ohio. These lawsuits are filed on behalf of regular and continuing clients, for whom Defendants handle the bulk or principle of their collection, or split that work with one other collection law firm.

16. Alex Sr., after filing the collection action, hands the in court responsibilities to his son, Alex Jr., who handles court appearances, who is also involved in the Complaint filing process, and who manages all negotiations and collection communications with debtors.

17. Alex Jr. specifically states on his website biography that he is engaged in debt collection activities for clients as a regular area of law and practice of his.

18. Defendants have filed, maintained, and handled many tens if not hundreds of collection matters for medical providers or associations, and engaged in litigating potentially hundreds of lawsuits against consumers in Ohio, and still continue these operations currently.

19. Defendant attempted to collect consumer debts related to medical bills owed to Ohio Hospital-Based Physicians Corporation by Mike and Kelly related to Kelly's treatment or care.

20. Defendant represented, Ohio Hospital Based Physicians Corp/Anesthesia in a civil action that they filed and maintained against Mike and Kelly in the Canton Municipal Court, Case No. 2018-CVF-1428 ("Lawsuit").

21. The lawsuit was filed in the Canton Municipal Court, which does not have jurisdiction over Massillon, Ohio, where Mike and Kelly lived at all times relevant.

22. No contract had been entered into between Mike Ries and Ohio Hospital-Based Physicians Corporation in relation to the medical treatment of Kelly Ries. Mike and Kelly do not recall signing any contract with Ohio Hospital-Based Physicians Corporation.

23. The Lawsuit was filed in the name of Ohio Hospital Based Physicians Corp/Anesthesia, an entity that does not exist, not Ohio Hospital-Based Corporation.

24. Ohio Hospital Based Physicians Corp/Anesthesia does not exist as an entity in the State of Ohio, and did not exist at the time of the collection attempts by Defendants.

25. Mike and Kelly owed no money to Ohio Hospital Based Physicians Corp/Anesthesia, as no entity existed by that name, no entity is registered as having that name as a fictitious or trade name, no contract existed with that entity, no work or benefit was conferred by that entity, and the money, if owed, was owed to Ohio Hospital-Based Physicians Corporation, and actual entity.

26. This issue was brought to the attention of the Defendants, as well as the Canton Municipal Court, via motion, but the Court did not immediately rule on the motion, and Defendants took no action to file a proper Complaint under a proper name of an existing entity or the actual creditor.

27. Mike Ries called Defendants about the lawsuit after he received it, and spoke with Law Firm and Alex Jr.

28. Neither Alex Jr. nor anyone else at Law Firm identified themselves as a debt collector in the phone conversation at any point, and no one informed Mike Ries that any information he provided would be used for the purpose of debt collection.

29. Alex Jr. offered to settle the debt for $75 per month payment plan, but no agreement was made.

30. Kelly Ries later called Defendants and spoke with their employee Heather VanDerkar, on or around March 28, 2018. Kelly asked about setting up a payment plan.

31. No one at Law Firm, including Heather, identified themselves as a debt collector, and no one informed Kelly Ries that the information she provided would be used for that purpose.

32. Kelly Ries, in this phone call, never agreed to pay the debt or enter into the payment plan.

33. Heather VanDerkar said that Alex Jr. must have talked to Kelly Ries's husband about the payment plan in March 2018.

34. Heather VanDerkar was and is an employee of Defendants, and at all times acted in her capacity as agent for them.

35. On March 28, 2018, within thirty days after Mike and Kelly received the Complaint in the Lawsuit, Mike and Kelly sent a written letter to Defendants, which Defendants received.

36. The letter sent by Mike and Kelly to Defendants stated that they disputed the debt, and requested that the only communication they receive be the validation of the debt, which was to be sent to their counsel's office.

37. The letter also notified Defendants that Mike and Kelly were represented by counsel, and provided contact information for Mike and Kelly's counsel.

38. Despite receiving this letter, and despite knowing that Mike and Kelly were represented in the matter by legal counsel, specifically after receiving discovery requests and a motion from Mike

5

and Kelly's counsel, Defendants continued to communicate directly with Mike and Kelly by, among other things, sending them a letter about compliance with the discovery requests.

39. Later on in the Lawsuit, Alex Jr. responded to some discovery requests himself, as opposed to having a representative of his client respond.  Specifically, Alex Jr. stated that Kelly Ries stated she would be sending payment in full in her conversation with Heath VanDerkar, which was false.

40. Defendants' client admitted that the name on the Complaint in the Lawsuit did not match its actual name registered with the Ohio Secretary of State.

41. When Defendants' client was asked to admit that it did not have a written contract with Mike Ries, Defendants objected and referred to R.C. 3103.03(A), which is not a contract, but a statute that can create liability for persons on some necessities needed by a spouse.

42. Eventually, Alex Jr., Law Firm, their client, and Mike and Kelly agreed to settle the underlying debt in exchange for a payment plan of $30 per month on the original $644 debt, plus half of the court costs.

43. After that agreement was reached, Defendants unilaterally altered the terms of the agreement so that it was no longer a settlement and payment plan, but would require that judgment be entered against Mike and Kelly, which is not what Mike and Kelly were told, and was not what they had agreed to.

44. Mike and Kelly were forced to agree to these unilaterally altered terms in order to avoid additional travel to the distant forum court where Defendants had filed the collection suit.

**COUNT I – VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT**

45.  Plaintiffs reincorporate and re-allege all the foregoing allegations as if fully rewritten herein.

46. The Plaintiffs are each a "consumer" within the meaning of 15 U.S.C. §§ 1692a(3) and 1692c(d) as they incurred a debt or were alleged to have incurred a debt primarily for personal and family purposes related to medical treatment of Kelly Ries, which was the subject matter of the collection attempts by Defendants.

47. Defendants are each a "debt collector" within the meaning of 15 U.S.C. § 1692a(6) as they are in the business of regularly collecting or attempting to collect, directly or indirectly, consumer debts owed or asserted to be owed from consumers to Defendants' clients, and specifically are regularly engaged in such collection for the hospital system. It also makes up a substantial portion of their business, hours, and revenue.

48. Defendants violated 15 U.S.C. § 1692c(a)(2) when they communicated with Plaintiffs directly after being informed in writing by both Plaintiffs, as well as Plaintiffs' counsel, that the Plaintiffs were actually represented by counsel.

49. Defendants violated 15 U.S.C. § 1692e(2) by making false representations to Plaintiffs of the character, amount, and legal status of the debts, of the character, amount, or legal status of the alleged debt.

50. Defendants violated 15 U.S.C. § 1692e(10) by using a false representation to collect a debt, including, but not limited to, (1) the identity of the creditor, (2) the fact that a contract existed when it did not, (3) that the parties would enter into a payment plan to settle a dispute, among other things.

51. Defendants violated 15 U.S.C. § 1692e(11) by failing to disclose in their first non-pleading, written communication with Plaintiffs, and first oral communication with the Plaintiffs, that the communication was with a debt collector, that they were trying to collect a debt from Plaintiffs, or that any information obtained would be used for the purpose of debt collection.

52. Defendants violated 15 U.S.C. § 1692e(11) in subsequent communications by failing to state that they were a debt collector.

53. Defendants violated 15 U.S.C. § 1692i(a)(2) by filing the collection action in a distant forum, i.e. a court that did not have jurisdiction over the Plaintiffs, which was not the court overseeing the jurisdiction where the Plaintiffs resided, and was not a court located in a venue in the jurisdiction where the contract was signed (as none was signed by one or both Plaintiffs).

54. Defendants violated 15 U.S.C. § 1692g(a) by failing, within five days of their initial communication with Plaintiffs, to send a written notice containing the name of the creditor to whom the alleged debt was owed, or a statement that unless the consumer disputes the validity of the debt within thirty days, that it will assumed to be valid.

55. All actions were engaged in by Defendant and its agents in their capacity as attorneys for, owners of, or agents of the other Defendants, and in an effort to collect a debt of its client.

56. Defendant's actions in violation of the Fair Debt Collection Practices Act were committed knowingly—Defendants knew that they misrepresented the name of their client, the creditor, know that Plaintiffs were represented, knew that they sent communications to a represented party, and knew that they were communicating with Plaintiffs without providing proper notice, among other things.

57. Given the knowledge of Defendants, this conduct is not the consequence of any bona fide error.

58. Defendants' actions were also intentionally engaged in in an effort to confuse Plaintiffs, to force Plaintiffs to agree to pay the debt instead of incurring more costs to defend the action filed in the wrong venue, to intimidate and harass Plaintiffs, and to otherwise coerce payment from Plaintiffs. It had all of those effects.

59. As a direct and proximate result of Defendant's conduct, Plaintiffs suffered emotional and mental anguish, stress, harassment, embarrassment, increased costs of litigation in a distant forum, confusion, violation of their statutorily protected rights, they had to retain an attorney, and were required to bring this suit, as well as violations to their statutory rights. Additionally they suffered from severe confusion as to who the creditor is, and whether the amounts were actually owed.

60. Defendants' overzealous collection efforts outlined herein have caused a lot of severe stress for the Plaintiffs, one of whom was suffering from cancer or recovering from a procedure related to the cancer that Defendants were suing her for.

61. Defendants acted with actual malice and ill-will in order to exert pressure over the Plaintiffs. Defendants engaged in a pattern and practice of routinely filing collection suits in the wrong venue, in the name of non-existent creditors, in distant fora, and without providing statutorily required notices. They do this because it gives them a competitive advantage over other debt collector competition, including the two other firms that handle collection efforts for their same client in different courts.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray that this Honorable Court grant them the following relief:

a. Judgment against Defendants jointly and severally for actual economic, consequential, direct, non-economic damages proven.

b. All damages permitted by the Federal Fair Debt Collection Practices Act to the Plaintiffs from Defendants, including economic, statutory damages, liquidated damages, and other damages, and attorneys' fees, as well as all relief permitted by 15 U.S.C. § 1692k.

c. The costs of this action, and pre-judgment and post-judgment interest.

d. Grant Plaintiffs such other relief as is proper, just, and equitable.

Respectfully Submitted,

*/s/ Daniel J. Myers*
Daniel J. Myers, Esq. (0087909)
Myers Law, LLC
600 East Granger Road, Second Floor
Cleveland, OH 44133
P: 216-236-8202
F: 216-674-1696
E: DMyers@MyersLawLLC.com
Counsel for Plaintiffs